UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ANTHONY HUNTER AND DONNER MARTIN,

                                    Plaintiffs,

           -against-

THE CITY OF NEW YORK, COMMISSIONER RAY KELLY, POLICE OFFICER JASON BRUNSON, SHIELD NO. 17542, SERGEANT DANIEL ZOLLO SHIELD No. 05627, POLICE OFFICER JAMES GIBLIN, SHIELD NO. 17807, JOHN DOE ## 1-10,

                                 Defendants.
----------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 5231 (RRM/JO)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about October 26, 2011, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below; and

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant, City of New York hereby agrees to pay plaintiff ANTHONY HUNTER, the sum of FORTY EIGHT THOUSAND DOLLARS ($48,000) and plaintiff DONNER MARTIN, the sum of TWO THOUSAND DOLLARS ($2,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiffs agree to the dismissal with prejudice of all the claims against the defendants, the City of New York, Commissioner Ray Kelly, Police Officer Jason Brunson, Police Officer James Giblin, Sergeant Daniel Zollo and the individuals named herein as "John Doe ##1-10"; and to release and discharge all defendants, their successors and assigns, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs shall each execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules

or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless defendants, the City of New York, Commissioner Ray Kelly, Police Officer Jason Brunson, Police Officer James Giblin, Sergeant Daniel Zollo and the individuals named herein as "John Doe ##1-10", regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
April 4, 2012

Stoll, Glickman and Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
718 852-3710
*Attorneys for Plaintiffs*

By: _____
Leo Glickman, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-154
New York, New York 10007

By: _____
Rudyard W. Ceres
*Assistant Corporation Counsel*

SO ORDERED:

Dated: Brooklyn, New York

_____
HON. ROSLYNN R. MAUSKOPF
UNITED STATES DISTRICT JUDGE